**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

            **Plaintiff,**

    **-v-**                                        **15-CR-88A**

**XENIA LEON-BECERRIL,**

            **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #9.

## PRELIMINARY STATEMENT

The defendant, Xenia Leon-Becerril ("the defendant"), is charged along with her co-defendant John Villegas in a two-count Superseding Indictment with having violated Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and Title 18 U.S.C. § 2. Dkt. #s 18, 24. The defendant has filed an omnibus discovery motion wherein she seeks production and disclosure of various items and information from the government. Dkt. #43. The government has filed a response to these demands. Dkt. #44. At a proceeding on October 19, 2016, this Court deemed Mr. Villegas' omnibus motions submitted on the papers. The following constitutes this Court's ruling on each of the defendant's requests.

## DISCUSSION AND ANALYSIS

### 1. Defendant's Request for Rule 16 Materials, Dkt. #43, pp. 8-16

The government represents that it has provided or will provide any materials within the purview of Rules 16 and 12(b)(4)(B) of the Federal Rules of Criminal Procedure. Dkt. #44, pp. 2-3. Therefore, this request is DENIED as moot.

### 2. Defendant's Request for Statements, Dkt. #43, pp. 8-9

The government contends that all written and recorded statements of defendant have been provided or will be provided. Therefore, this request is DENIED as moot.

### 3. Defendant's Request for Copies of Her Prior Criminal Record, Dkt. #43, p. 9

The government has agreed to provide the defendant with her arrest record. Therefore, this request is DENIED as moot.

### 4. Defendant's Request for Documents and Tangible Objects, Dkt. #43, p. 9

The government contends that it has made available "all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant." Dkt. #45, p. 6. Therefore, the defendant's request is DENIED as moot.

**5.   Defendant's Request for Reports of Examinations and Tests, Dkt. #43, p. 10**

The government states that it has made available to the defendant "the results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case." Dkt. #45, p. 6.  Based on this representation, the defendant's request is DENIED as moot.

**6.   Request for a Bill of Particulars, Dkt. #43, pp. 11-12**

The function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which she has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

The charges in the Superseding Indictment, along with the discovery materials provided or to be provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is she in need of, the "particulars" being sought for that purpose.  The defendant's request is DENIED.

### 7.  Defendant's Request for Production of *Brady, Jencks,* and *Giglio* Material, Dkt. #43, pp. 13-17

The defendant has made a broad request for any and all materials and/or information that would be "exculpatory" to the defendant.  The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks v. United States*, 353 U.S. 657 (1957). Dkt. #45, pp. 8-9.  The government has agreed to provide impeachment *Brady* material no later than one week prior to the commencement of trial, at which time it will produce *Jencks* material.  This is consistent with the Second Circuit Court of Appeals' holdings in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), regarding the timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa*, 267 F.3d at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa*, 267 F.3d at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material,

such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  See 18 U.S.C. § 3500; FED.R.CRIM.P. 26.2; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  If the government has adopted a policy of turning such materials over to the defendant prior to trial, however, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

Based on the government's representations, the defendant's request for *Brady, Giglio,* and *Jencks* materials is DENIED without prejudice.

### 13. Defendant's Request for Leave to Make Other Motions, Dkt. #43, p. 19

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein." Dkt. #43, p. 19.  This request is GRANTED.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with 28 U.S.C § 636(b)(1), Fed.R.Crim.P. 58(g)(2), and Rule 59 of

the Local Rules of Criminal Procedure for the Western District of New York ("Local Rule Crim. Pro. 59").  Generally, "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (internal citations omitted).

All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be final unless a party timely files written objections.  "The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections."  Local Rule Crim. Pro. 59(c)(1).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).  To ensure compliance, Local Rule Crim. Pro. 59 requires that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**Failure to comply with the provisions of Local Rule Crim. Pro. 59, may result in the District Judge's refusal to consider the objection.**

DATED:	January 12, 2017
	Buffalo, New York


*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**